IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLEY GIPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CA No. 4:22-cv-00730-P |
| | § | |
| WEATHERFORD COLLEGE OF THE PARKER COUNTY JUNIOR COLLEGE DISTRICT, | § § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER, AND BRIEF IN SUPPORT

### MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Pursuant to *Fed. R. Civ. P.* 26(c)(1), Defendant respectfully moves the Court for a protective order quashing Plaintiff's notices of deposition for the deposition of Defendant's Rule 30(b)(6) representative(s) and for the deposition of an Executive Dean of the college at a location other than at Defendant's principal place of business—the campus of Weatherford College.

### BRIEF IN SUPPORT OF THE MOTION

**THE LOCATION OF A RULE 30(B)(6) DEPOSITION OF AN ENTITY, ITS AGENTS AND OFFICERS—PARTICULARLY OF A DEFENDANT ENTITY—IS, PRESUMPTIVELY, THE PRINCIPAL PLACE OF BUSINESS OF THE ENTITY, AND THAT PRESUMPTION ESTABLISHES GOOD CAUSE FOR A PROTECTIVE ORDER.** *SEE, E.G., SALTER V. UPJOHN CO.*, 593 F.2D 649, 651 (5TH CIR. 1979).

**A. RELEVANT FACTS:**

This is an employment discrimination lawsuit. In her *Amended Complaint* (ECF 22), Plaintiff, a former employee of Weatherford College from

September 14, 2020, until her resignation, July 20, 2021, claims she was subjected to unlawful sexual harassment by the college President and to retaliation, resulting in a "constructive discharge," in violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. §§ 2000-e, *et seq.*[1]

Weatherford College is located in Parker County.

It's principal place of business is the college campus in Weatherford.

Plaintiff seeks the deposition of one or more representatives of the college under *Fed. R. Civ. P.* 30(b)(6) regarding the following topics:

☞ 1. A description of the procedures and practices in effect at Weatherford College (from January 2020 through the present) for conducting investigations into complaints of sexual harassment and retaliation made against senior College administrators.

☞ 2. All steps taken by Weatherford College in its investigation of the complaint made by Shelley Gipson to the Title IX compliance officer and Human Resources.

☞ 3. All remedial action (if any) taken by Weatherford College because of the complaint made by Shelley Gipson to the Title IX compliance officer and Human Resources.

☞ 4. Weatherford College's implementation and enforcement of its anti-discrimination and antiharassment policies from January 2020 through the present.

☞ 5. The deliberations, considerations, and discussions by the Weatherford College Board of Trustees regarding Dr. Farmer's candidacy for the President position.

☞ 6. All steps taken by Weatherford College in its investigation of any complaints of harassment and/or retaliation made against Dr. Farmer throughout the duration of his employment at Weatherford College.

---

[1] Defendant denies Plaintiff's allegations.

**2**

👉 7. All steps taken by Weatherford College to prevent retaliation by Dr. Farmer against Plaintiff following Plaintiff's complaint of harassment to the College's Title IX compliance officer and human resources department.

👉 8. All steps taken by Weatherford College to prevent retaliation by Dr. Farmer against any employee for being a witness in this matter.

Responsibly responding to the foregoing topics will require the college to produce at least two representatives to testify—Paul Williams, Executive Director of Human Resources for the College, and Mac Smith, President of the college Board of Trustees [2]

Mr. Williams' office and principal place of business is on the college campus in Weatherford.

Mr. Smith lives and practices law in Weatherford.

Plaintiff also seeks the deposition of Adam Finley, an Executive Dean and Registrar of the college. Mr. Finley's office and principle place of business is on the college campus in Weatherford.

Records of the college potentially relevant to the deposition(s) and designated deposition topics are located on the college campus.

---

[2] Depending on the questions asked during the deposition regarding the designated topics, it may become necessary for the college to produce additional college officials at the deposition. *See, e.g.*, *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents.").

In response to Plaintiff's deposition request, Defendant has offered to produce its representative(s) and Dean Finley and provide a suitable specifically designated conference room (free of charge) on the campus of the college, its principal place of business.

Nevertheless, Plaintiff has unilaterally noticed the depositions to take place at 300 Throckmorton Street, Suite 1600, Fort Worth, Texas. *See* attached Exhibit 1. The location is the business office of a court reporting firm. *See* [Court Reporter Fort Worth | Veritext Legal Solutions](#)[3]

The putative location unilaterally chosen by Plaintiff is in Tarrant County.

### B. APPLICABLE LAW—THE PROPER LOCATION FOR A RULE 30(6)(6) DEPOSITION AND AN ENTITY'S OFFICERS, PARTICULARLY OF A DEFENDANT, IS THE PRINCIPAL PLACE OF BUSINESS OF THE DEFENDANT ENTITY:

"It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." *Noble Capital Fund Mgmt., LLC v. US Capital Glob. Inv. Mgmt., LLC*, 2022 WL 17347152, at 3 (W.D. Tex. Nov. 30, 2022) (quoting *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979)). *See also, e.g.*, *Gearbox Software, LLC v. Apogee Software, Ltd.*, 2014 WL 3109868, at 1 (N.D. Tex. July 8, 2014) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." quoting *Salter*)); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.,* 147 F.R.D. 125, 127 (N.D. Tex. 1992) ("Deposition of a corporation through its agents or officers should normally be taken at the principal place of business of the corporation."). "This

---

[3] In addition to the normal court reporting fees for the deposition, the reporting firm is, presumably, charging a fee for use of its facilities.

**4**

presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." *Tailift USA, Inc. v. Tailift Co., Ltd.*, 2004 WL 722244 (N.D. Tex. March 26, 2004). *See also, e.g., Pruco Life Ins. Co. v. Ca. Energy Dev. Inc.*, 2021 WL 5043289, at 6 (S.D. Cal. Oct. 29, 2021) ("The usual rule is that the lack of choice of forum is reason enough to require the deposition to be taken where the deponent resides."). Another reason for the rule is "to avoid mandating the transportation of business records." *E.g.*, *Lovato v. Wal-Mart Stores, Inc.*, 2017 WL 2274684, at 2 (N.D. Ind. May 25, 2017).

This presumption satisfies the Rule 26(c) requirement of "good cause" for a protective order. *E.g.*, *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 2343898, at 3 (W.D. Ky. May 3, 2016); *Chris-Craft Indust. Prod., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order." *quoting Sears v. Am. Entm't Group, Inc.,* 1995 WL 66411, at 1 (N.D. Ill. Feb.13, 1995)). "When a corporation objects to a deposition being taken at a place other than its principal place of business, 'the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.'" *Lovato v. Wal-Mart Stores, Inc.*, 2017 WL 2274684, at 2 (quoting *Chris-Craft, supra*).

Rather, "[a] plaintiff seeking to depose the corporate representative at a location other than the corporation's principal place of business must show 'good cause' or 'peculiar circumstances' that would justify the request." *Noble Capital Fund Mgmt.*, 2022 WL 17347152, at 3; *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 350405, at 1 (E.D. Tex. Jan. 7, 2019) ("A court may only deviate from this well settled rule if 'peculiar' or 'extraordinary'

5

circumstances exist in the case. [*Salter*, 593 F.2d 649] at 652."); *Espinosa v. Stevens Tanker Div., LLC*, 2017 WL 1417407, at 2 (W.D. Tex. Apr. 20, 2017); *Tailift USA, Inc. v. Tailift Co., Ltd.*, 2004 WL 722244 at 2 ("[T]he burden to show sufficient circumstances to overcome the presumption that Defendant's corporate representative should be deposed at its principal place of business is on Plaintiff.").

### C. Plaintiff Cannot Demonstrate Extraordinary Circumstances For Overcoming The Presumptive Location Of The Depositions:

In evaluating whether Plaintiff has met her burden to overcome the presumptive location of the depositions, *see, e.g., Noble Capital Fund Mgmt.*, 2022 WL 17347152, at 3:

> District courts have looked to the following factors to determine whether the plaintiff has shown good cause: (1) whether counsel for the parties are located in the forum district; (2) whether the deposing party is seeking to depose only one corporate representative; (3) whether the corporation chose a corporate representative who resides outside the location of the principal place of business and the forum district; (4) whether significant discovery disputes may arise and there is an anticipated necessity of resolution by the forum court; and (5) whether the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district.

Plaintiff cannot establish peculiar or extraordinary circumstances for overcoming the presumptive location of the deposition(s) on the college's campus.

First, neither counsel are located in Fort Worth.

Second, in addition to a deposition of an Executive Dean of the college, the matters concerning which examination is requested for the Rule 30(b)(6) deposition will necessitate production of at least two additional witnesses. Any records relevant to the deposition(s) are located on campus.

Third, the college has not chosen deponents who work or reside outside of Weatherford.

Fourth, the college's principal place of business is within this district and division. Accordingly, the fourth factor is irrelevant.

Fifth, Plaintiff has not established any equitable reasons sufficient to overcome the presumptive location of the deposition(s). *See Noble Capital Fund Mgmt.*, 2022 WL 17347152, at 3 (plaintiff failed to establish extraordinary circumstances for moving the presumptive location of the depositions):

> Four of the five factors weigh against Plaintiffs' request to depose Sweeney in Austin: Counsel of record are not located in Austin; Plaintiffs are seeking to depose two corporate representatives; Sweeney and Towle both live in California; and there are no equites in this case that justify their request. As to the fourth factor, while discovery disputes have arisen in this case, that does not outweigh the other factors. Accordingly, Sweeney's deposition should be taken in San Francisco, California, at US Capital's principal place of business.

*See also Motion Games, LLC v. Nintendo Co., Ltd.*, 2014 WL 5306961, at 3 (E.D. Tex. Oct. 16, 2014) (plaintiff's motion to compel defendant's deposition in the United States, rather than Japan, denied; plaintiff failed to establish good cause for overcoming the presumption).

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendant's motion for a protective order should be, in all things, **GRANTED**. The deposition(s) of the Executive Dean of the college and of Defendant's representatives concerning the foregoing eight designated topics should take place, if at all, on the campus of Weatherford College.

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:            (214) 871-8209
Email:         jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on Friday, December 9, 2022, I conferenced the foregoing motion with Plaintiff's counsel, Kevin Duddlesten, who opposes the motion.

*/s/ John L. Ross*
**JOHN L. ROSS**

## **CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

/s/ *John L. Ross*
**JOHN L. ROSS**