UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHELLEY GIPSON,**

 Plaintiff,

v.                No. 4:22-cv-0730-P

**WEATHERFORD COLLEGE,**

 Defendant.

# ORDER

 Before the Court is Defendant's Motion for Protective Order ("Motion"). ECF No. 59. After consideration of the filing, the Court is deeply disturbed by the substance and number of discovery motions filed in this case. Such conduct appears to conflict with the Court's scheduling order, which requires Counsel to "abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc)." ECF No. 14. Specifically, *Dondi* requires that "[a] lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client." *Id.* at 288. But "the spirit of *Dondi* is completely absent from this latest round of discovery motions." *See Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11565387, at *1 (N.D. Tex. Sept. 16, 2010).

 The Court thus **ORDERS** that all Counsel of record for all Parties shall each read: (1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988); (2) the Texas Lawyer's Creed; and (3) the Texas Rules of Professional Conduct. It is further **ORDERED** that all Counsel of record for all Parties shall each certify to the Court via an affidavit filed by **5:00 p.m. on February 3, 2023**, that they have read, understand, and will comply with these three documents throughout the remainder of this litigation.

Failure to comply with this Order will result in monetary sanctions being imposed against individual Counsel, the Parties, or both. The Court, however, is "confident that, with a renewed sense of the professional courtesy expected by the Court, counsel 'should have little difficulty conducting themselves as members of a learned profession whose unswerving duty is to the public they serve and to the system of justice in which they practice.'" *See Ramirez*, 2010 WL 11565387, at *1 (quoting *Dondi Properties Corp.*, 121 F.R.D. at 288).

In addition, all Counsel of record and the Parties are **ORDERED** to confer in a face-to-face conference to be held at **8:00 a.m. on Monday, February 6, 2023**, in the Fourth Floor Jury Room of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas 76102. At that time, all Counsel of record and the Parties should be prepared to discuss the Motion and the possibility of settlement in this case. **It is required that this conference be conducted in person, as it is the Court's belief that a personal face-to-face meeting is the most productive type of conference.**

The Parties are **ORDERED** to then prepare and submit a joint status report regarding the outcome of the conference **on or before February 10, 2023**.

**SO ORDERED** on this **31st day** of **January 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE