## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLEY GIPSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:22-CV-00730-P |
| | § | |
| WEATHERFORD COLLEGE OF THE PARKER | § | |
| COUNTY JUNIOR COLLEGE DISTRICT, | § | |
| | § | |
| DEFENDANT. | § | |

## UNOPPOSED MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Pursuant to *Fed. R. App. P.* 10(e)(1),[1] the undersigned counsel—the Appellant in Appeal No. 23-10397 ("the Appeal"), pending before the Fifth Circuit Court of Appeals—respectfully moves for an order to supplement the record on appeal. The motion is based on the following grounds.

1. The Appeal is limited to a challenge to the District Court's *Order* (ECF 66) which imposed monetary sanctions on counsel for the parties for the sole reason that instead of filing court ordered (ECF 63) *affidavits* with the Court, counsel filed *declarations* (ECF 64 and 65),[2, 3] as expressly permitted by statute. 28 U.S.C. § 1746 (emphasis added):

---

[1] "(e) Correction or Modification of the Record. (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

[2] Because these documents were "stricken" and "unfiled" (*see* ECF 66) copies of each are attached as Exhibits 1 and 2, respectively.

[3] ECF 66 (emphasis original):

Counsel was then instructed to certify to the Court *via an affidavit* that they have read, understand, and will comply with these three documents throughout the remainder of this litigation. *Id.* (emphasis

*Footnote continued on next page . . . .*

1

Wherever, under ***any*** . . . *order* . . . *any matter is required* or permitted *to be supported* . . . *by* . . . *affidavit* . . . *such matter may, with like force and effect, be supported* . . . *by* the *unsworn declaration* . . . of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . .[4]

---

*. . . footnote continued from previous page . . . .*

added). The Court cautioned Counsel that a failure to comply with its Order would result in monetary sanctions. *Id.*

Despite these unambiguous instructions, Plaintiff's counsel Kevin M. Duddlesten and Defendant's counsel John L. Ross both failed to comply with the Court's Order by filing declarations instead of affidavits that were witnessed and authenticated by a notary public or commissioner of oaths. *See* ECF Nos. 64, 65. Accordingly, the Court concludes that sanctions should be imposed on Mr. Duddlesten and Mr. Ross in the amount of $250 each.

[4] *See, e.g.*, *Paters v. United States*, 159 F.3d 1043, 1052, n. 5 (7th Cir. 1998) (§ 1746 provides that a party may submit a declaration in lieu of an affidavit); *Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir. 1994) (documents signed under penalty of perjury satisfy affidavit requirements in federal proceedings); *Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) ("[T]he legislative history of the statute explicitly states that '[t]he purpose of this legislation is to permit the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.' H.R. Rep. No. 1616, 94th Cong., 2d Sess. 1, *reprinted in* 1976 U.S.C.C.A.N. 5644."); *Sec. Nat. Bank of Enid, Okl. v. John Deere Co.*, 927 F.2d 519, 522 (10th Cir. 1991) ("district courts may not adopt and apply local rules that conflict with acts of Congress"); ***Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (§ 1746 "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'");** *Thomas v. U.S. Dep't of Energy*, 719 F.2d 342, 345 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits."); ***Carter v. Clark*, 616 F.2d 228, 230-31 (5th Cir. 1980) (striking down local rule which required prisoner's petitions to be notarized because the rule contradicted the very purpose of § 1746: "[§ 1746] was passed in 1976 for the purpose of permitting 'the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits'" irrespective of whether the "court is enamoured [*sic*] with the wisdom of Congress in enacting such a broad statute on this topic" or whether the statute "opens the judicial process to some abuse" is not for the courts to decide; the court "must only**

*Footnote continued on next page . . . .*

2. Final judgment in this case was entered April 6, 2023. ECF 80.

3. Notice of appeal was timely filed April 18, 2023. ECF 81.

4. On May 8, 2023, the Clerk of the District Court filed the record on appeal with the Clerk of the Fifth Circuit.

5. However, the District Court Clerk did not include ECF 64 and 65 in the record on appeal[5] because the Court's *Order* which is under review by the Fifth Circuit "struck" and "unfiled" the declarations of counsel. ECF 66 (emphasis original: "[T]he Clerk of the Court is **INSTRUCTED** to **STRIKE** and **UNFILE** Mr. Duddlesten's declaration (ECF No. 64) and Mr. Ross's declaration (ECF No. 65).").

6. Yet, the declarations (ECF 64 and 65) were "relied upon in the district court and, thus, [are] material to the issue on appeal." *United States v. Hunt*, 2023 WL 2890176, at 1 (5th Cir. Apr. 11, 2023) (granting motion to supplement the record).

---

*. . . footnote continued from previous page . . . .*

**determine what Congress says the law is.");** *Rice v. Mgbakor*, 2009 WL 3241330, at 6, n. 9 (N.D. Tex. Oct. 7, 2009) ("A party may rely on an unsworn declaration in lieu of an affidavit if the declaration satisfies the requirements of 28 U.S.C. § 1746[.]").

5

| 01/31/2023 | 64 | ***STRICKEN AND UNFILED PER 66 *** AFFIDAVIT *of Plaintiff's Counsel regarding compliance with ECF 63* by Shelley Gipson. (Duddlesten, Kevin) Modified on 2/1/2023 (sre). (Entered: 01/31/2023) |
| 01/31/2023 | 65 | ***STRICKEN AND UNFILED PER 66 *** NOTICE of *DECLARATION* re: 62 Order Referring Motion,, filed by Weatherford College (Ross, John) Modified on 2/1/2023 (sre). (Entered: 01/31/2023) |

7. Accordingly, the Clerk should be directed to supplement the record on appeal by certifying the "unfiled" declarations (ECF 64 and 65, attached hereto as Exhibits 1 and 2) to the Court of Appeals.[6]

8. The Clerk should likewise be directed to supplement the record on appeal by including this motion and all proceedings thereon.

## CONCLUSIONS AND REQUESTED RELIEF

For the foregoing reasons, the undersigned counsel, the Appellant in Appeal No. 23-10397, respectfully requests that the Court direct the Clerk to supplement the record on appeal in Fifth Circuit Appeal No. 23-10397 by including the following in the record on appeal:

1. ECF 64;

2. ECF 65;

3. This unopposed motion, including its Exhibits 1 and 2 and the proposed orders submitted herewith;

4. The Court's ruling on the motion.

Alternatively, the undersigned counsel, the Appellant in Appeal No. 23-10397, respectfully requests that the Court vacate its prior Order (ECF 66) and direct the Clerk to refund the sanctions previously imposed by ECF 66.

---

[6] Alternatively, the Court could vacate its prior *Order* (ECF 66) and direct refund of the sanctions. Such an *Order* would moot the Appeal, save the further time and expense of the Appeal, avoid unnecessary imposition on the Fifth Circuit, and eliminate the necessity for the Fifth Circuit to rule on the propriety of the Court's prior *Order. See Razvi v. Dallas Fort Worth Int'l Airport*, 2022 WL 4298141, at 6 (5th Cir. Sept. 16, 2022) (dismissal of action over "a requirement of form" was judicial "overkill" and an abuse of discretion).

4

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**
Texas State Bar No. 17303020
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:          (214) 871-8209
Email:        jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that on June 3, 2023, I conferenced the foregoing motion with Kevin Duddlesten, counsel for Plaintiff, who stated that he does not oppose the motion.

*/s/ John L. Ross*
**JOHN L. ROSS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically and notice of the filing was thereby given to Plaintiff's counsel on the date file-stamped by the Clerk. Parties may access this filing through the court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SHELLEY GIPSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 4:22-cv-00730-P** |
| | ) | |
| **WEATHERFORD COLLEGE OF THE** | ) | **(JURY DEMANDED)** |
| **PARKER COUNTY JUNIOR** | ) | |
| **COLLEGE DISTRICT** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DECLARATION OF KEVIN M. DUDDLESTEN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

1.      My name is Kevin M. Duddlesten. I am an attorney in the law firm of Duddlesten Law Group PLLC and am counsel of record for Plaintiff Shelley Gipson in this matter. I am more than 21 years old, am of sound mind, suffer no legal disabilities, and am competent to give this Declaration. The facts stated in this Declaration are based on my personal knowledge and are true and correct.

2.      In accordance with the Court's order [ECF 63], I read *Dondi Properties Corp., v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988), the Texas Lawyer's Creed, and the Texas Rules of Professional Conduct on January 31, 2023.

3.      Having read and understood each of these documents, I certify that I will comply with all three documents throughout the remainder of this litigation.

Exhibit 1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Kevin M. Duddlesten

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SHELLEY GIPSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA No. 4:22-CV-00730-P |
| | § | |
| WEATHERFORD COLLEGE OF THE PARKER | § | |
| COUNTY JUNIOR COLLEGE DISTRICT, | § | |
| | § | |
| DEFENDANT. | § | |

## DECLARATION

I am John L. Ross. I am over the age of 21 and make this *Declaration* based on personal knowledge.

I am counsel of record for Defendant.

This *Declaration* is filed pursuant to the Court's *Order* (ECF 62), dated January 31, 2023.

I hereby certify that I have read the following documents, understand them, and will comply with them throughout the remainder of this litigation.

(1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988);

(2) the *Texas Lawyer's Creed—A Mandate for Professionalism*; and

(3) the *Texas Rules of Professional Conduct*.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing statements are true and correct.

Signed this 31st day of January, 2023.

_____
**JOHN L. ROSS**

Exhibit 2