UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHELLEY GIPSON,**

   Plaintiff,

v.                                                       No. 4:22-cv-0730-P

**WEATHERFORD COLLEGE,**

   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Supplement the Record (ECF No. 84) filed by Defendant's Counsel, John L. Ross. After considering the motion, docket entries, and the applicable law, the Court concludes that the motion should be, and it is hereby, **GRANTED**. Accordingly, the clerk of the Court is **INSTRUCTED** to supplement the record on appeal in cause number 23-10397 with the United States Court of Appeals for the Fifth Circuit by including the following in the record on appeal: (1) Declaration of Plaintiff's Counsel, Kevin M. Duddlesten (ECF No. 64); (2) Declaration of Defendant's Counsel, John L. Ross (ECF No. 65); (3) the Motion to Supplement the Record including its two exhibits (ECF No. 84); and (4) this Order (ECF No. 85).

However, the Court notes that the language in Ross's motion is illuminative of why the Court chose to sanction him in the first place. It is, in fact, a continuation of the contumacious conduct that he exhibited throughout the litigation process in this case.

For example, instead of simply requesting that the Court supplement the record with the desired documents, he uses the motion as yet another stage to lecture the Court on the validity of his argument. Ross includes a three-page-long footnote collecting cases from the courts of appeals (and one decision of this Court) that hold that 28 U.S.C. § 1746 allows for the filing of unsworn declarations given under penalty of perjury in lieu of sworn affidavits. *See* ECF No. 84 at 1–3. Humorously,

*none* of the cases Ross cites are factually analogous to, or much less support, his particular use of an unsworn declaration in lieu of an affidavit in this case.[1] And this is likely because the legislative history of § 1746 and case law surrounding the legislation indicate that § 1746's targeted audience is not lazy lawyers in glass towers who wish to skirt an explicit court order. Instead, the main purposes of § 1746 are to: (1) ease the logistical difficulties that foreign and prisoner litigants face in procuring the presence of a notary; and (2) relax the formalism associated with the presentation of evidence in federal proceedings. *See* 122 CONG. REC. H11210-11211 (daily ed. Sept. 27, 1976) (statement of Rep. William L. Hungate, cosponsor of the bill) (discussing the main purposes of the rule); *see also Carter*, 616 F.2d at 230–31 (outlining that prisoner litigation is equally encompassed in the legislative history of § 1746).

Ross further exhibited conduct that spanned beyond his inability to resist the urge to lecture the Court. He also completely disregarded the litigation standards set out in *Dondi Properties Corporation v. Commerce Savings & Loan Association* that this Court expects of the advocates that appear before it. 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). These standards were adopted to signal the Court's "strong

---

[1] *See, e.g.*, *Paters v. United States*, 159 F.3d 1043, 1047 (7th Cir. 1998) (where a prisoner sought to support his motion to vacate under § 2255 with an unsworn declaration); *Burgess v. Moore*, 39 F.3d 216, 217–18 (8th Cir. 1994) (where an inmate supported his § 1983 claim with a verified complaint and unsworn declaration); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) (where the court accepted a pro-se prisoner's complaint as verified because the prisoner swore to the veracity of the allegations under penalty of perjury); *Sec. Nat. Bank of Enid., Okla. v. John Deere Co.*, 927 F.2d 519, 521–22 (10th Cir. 1991) (not even applying § 1746); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (disallowing use of an unsworn affidavit as summary-judgment proof because it was not declared to be true and correct under penalty of perjury); *Thomas v. U.S. Dep't of Energy*, 719 F.2d 342, 344 n.3 (10th Cir. 1983) (affirming the district court's consideration of a declaration given under penalty of perjury as summary-judgement proof under § 1746); *Carter v. Clark*, 616 F.2d 228, 230–31 (5th Cir. 1980) (invalidating a local rule that required all pleadings from prisoner-litigants to be notarized given the logistical difficulties that prisoners would face in fulfilling that requirement); *Rice v. Mgbakor*, No. 3:08-CV-152-L, 2009 WL 3241330, at *6 (N.D. Tex. Oct. 7, 2009) (Lindsay, J.) (accepting a magistrate judge's recommendation that allowed an inmate's verified complaint in a § 1983 action to serve as competent summary-judgment evidence because it was made under penalty of perjury and verified as true and correct).

disapproval of practices that have no place in our system of justice" and to emphasize "that a lawyer's conduct, both with respect to the court and to other lawyers, should at all times be characterized by honesty and fair play." *Id.* at 289.

Throughout the course of this case, five separate discovery disputes arose between the Parties. *See* ECF Nos. 32, 33, 42, 47, 59. This forced the Court to either refer the disputes to a magistrate judge for determination or order the Parties to confer amicably and preferably resolve the matters without the intervention of the Court. Indeed, these discovery disputes led the Court to issue the Order central to Ross's appeal, which required that counsel for the Parties simply reread *Dondi* and certify via an affidavit that they had done so. *See* ECF No. 63.

As this Court stated in *Dondi* when it specifically addressed the issue of prevalent discovery disputes, "the rules dealing with discovery in federal cases are to be self-executing," requiring the Court's intervention only on the basis of absolute necessity. 121 F.R.D. at 290. In isolation, the expenditures associated with these disputes appear inconsequential. *Id.* at 292. But considered in the proper context of the busyness of this Court's docket and the frequency of disputes, it is apparent that cooperation between opposing counsel is essential to the efficient operation of our justice system. *Id.* Despite these long-held and unambiguous standards of *Dondi*, Ross exhibited no hesitation to initiate discovery disputes and accuse opposing counsel of improper conduct throughout the course of this case.[2]

At bottom, all the Court required in response to Ross's recalcitrant conduct was a simple affidavit certifying his knowledge of the standards of *Dondi*. He could not even follow that Order. Seeing no other option, the Court decided that sanctions were appropriate. But in light of the Fifth Circuit's mandate that district courts choose a lesser sanction when one is available, the Court concluded that a small monetary penalty of $250 would be appropriate. Apparently, Ross disagrees once again. Quite frankly, this Court is exhausted by Ross's conduct. Given

---

[2] The Court also notes that Ross's accusations of bad faith as to opposing counsel's conduct equally contravene the standards set out in *Dondi* as they are almost always undeserving and unnecessarily dilatory. *See* 121 F.R.D. at 289.

the Court's limited resources and large docket, it can ill-afford to spend any more time on this relatively trivial matter.

**SO ORDERED** on this **9th day** of **June 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE